IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02581-BNB

WAYNE BRUNSILIUS,

Applicant,

v.

HOYT BRILL, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF JOHN SUTHERS [sic] COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 0 9 2008

GREGORY C. LANGHAM
                    CLERK

---

ORDER FOR AMENDED APPLICATION

---

Applicant, Wayne Brunsilius, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. Mr. Woodring initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2006) with various attachments whose relevance he fails to explain clearly. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006).

The Court must construe the application liberally because Mr. Brunsilius is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Brunsilius will be ordered to file an amended application.

Mr. Brunsilius alleges that he pleaded guilty in the Jefferson County District Court in Golden, Colorado, in Criminal Case No. 90CR1281 to various criminal charges

of second-degree sexual assault and aggravated incest, and that he was sentenced to twenty-four years of incarceration. He alleges that he appealed directly from the judgment of conviction, which the Colorado Court of Appeals affirmed on March 26, 1993. He makes the confusing allegation that the Colorado Supreme Court denied certiorari review on March 15, 1993, eleven days before the state appeals court's affirmance.

He alleges that on May 24, 2001, he initiated a postconviction motion pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure in the trial court, which denied the motion on November 19, 2003. He alleges that the trial court decision was affirmed on May 12, 2006, on appeal. He makes the confusing allegation that the Colorado Supreme Court denied certiorari review on May 8, 2006, four days before the state appeals court's affirmance. An attachment to the habeas corpus application refers to a Colo. R. Crim. P. 35(b) postconviction motion that he filed on June 7, 1993, and the application itself refers to another postconviction motion, apparently initiated pursuant to Colorado Appellate Rule 21, that he filed directly in the state supreme court. Neither of these postconviction motions, or any others that Mr. Brunsilius may have initiated in addition to the Colo. R. Crim. P. 35(c) motion filed on May 24, 2001, is listed in the application in the section on postconviction proceedings.

Mr. Brunsilius asserts four claims. Claim one, concerning the trial court's lack of personal and subject matter jurisdiction, appears only to have been raised in the Rule 21 motion before the state supreme court. Claim two, concerning an involuntary plea, appears to have been raised in the Colo. R. Crim. P. 35(c) motion but it is not clear whether Mr. Brunsilius exhausted state remedies as to this claim. Mr. Brunsilius alleges

2

that claim three, concerning ineffective assistance of counsel, was presented to but not exhausted in the state courts. It is not clear whether the fourth claim, concerning double jeopardy, was exhausted in the state courts.

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); ***Browder v. Director, Dep't of Corrections***, 434 U.S. 257, 269 (1978); ***Ewing v. Rodgers***, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Brunsilius has failed to meet the requirements of Fed. R. Civ. P. 8. The application is verbose and, therefore, fails to provide a short and plain statement of his claims showing that he is entitled to relief. Mr. Brunsilius, therefore, will be directed to file an amended application that complies with Rule 8. In the amended application, Mr. Brunsilius is directed to state, clearly and concisely, each claim he intends to assert in this action. Mr. Brunsilius also is instructed to assert specifically how his federal rights were violated in his state criminal case. Mr. Brunsilius further is directed to provide the dates of his direct appeal and the dates upon which each postconviction motion he initiated in the state courts was filed, granted or denied, affirmed on appeal, and

3

granted or denied certiorari review. This information is necessary in order for the Court to determine whether Mr. Brunsilius's application is filed in a timely manner. He also is directed to provide the Court with copies of any orders, if available, pertinent to his direct appeal or postconviction proceedings.

Lastly, Mr. Brunsilius must demonstrate that he has exhausted each asserted claim. Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). Even if state remedies properly have been exhausted as to one or more of the claims presented, the habeas corpus application is subject to dismissal as a mixed petition unless all of the claims properly have been exhausted. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995). Finally, a state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state

4

remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Accordingly, it is

ORDERED that Mr. Brunsilius file **within thirty days from the date of this order** an amended application that complies with this order. It is

FURTHER ORDERED that Mr. Brunsilius's amended application shall be titled, "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Brunsilius, together with a copy of this order, two copies of the following form to be used in filing the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Brunsilius fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice. It is    FURTHER ORDERED that the motions in support of issuance of subpoena and to set aside judgment for fraud, both of which were filed on December 12, 2007, are denied as premature.

DATED January 9, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02581-BNB

Wayne Brunsilius
Prisoner No. 65458
Kit Carson Corr. Center
PO Box 2000 - Unit AB - 118
Burlington, CO 80807

I hereby certify that I have mailed a copy of the **ORDER and two copies of Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 1/9/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk