IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02581-BNB

WAYNE BRUNSILIUS,

    Applicant,

v.

HOYT BRILL, Warden,
JOHN SUTHERS, The Attorney General of the State of Colorado, and
THE STATE OF COLORADO,

    Respondents.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL - 3 2009

GREGORY C. LANGHAM
                CLERK

___

ORDER OF DISMISSAL

___

Applicant, Wayne Brunsilius, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. Mr. Brunsilius has filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (2006) challenging his 1991 conviction in Jefferson County, Colorado, district court case number 90CR1281. He has paid the $5.00 filing fee.

In an order filed on April 29, 2008, Magistrate Judge Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254 (b)(1)(A). On May 15, 2008, Respondents filed their Pre-Answer Response asserting that the instant action is barred by the one-year limitation period, that Mr. Brunsilius presented his claims to the state courts as issues of state law only, and that he does not present any claims that are exhausted and not

subject to the procedural-bar rule. On June 9, 2008, Mr. Brunsilius filed a Reply to the Pre-Answer Response.

The Court must construe liberally the amended habeas corpus application filed by Mr. Brunsilius because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Brunsilius pleaded guilty to five counts of aggravated incest and to one count of unlawful sexual contact concerning six, separate and identifiable incidents of sexual assault. In exchange for Mr. Brunsilius' plea, the prosecution dismissed two violent crime counts. The Jefferson County District Court sentenced him to four years of imprisonment on each count, to be served consecutively, for a total of twenty-four years. On September 10, 1992, the Colorado Court of Appeals affirmed. On March 13, 1993, the Colorado Supreme Court denied certiorari review.

On June 3, 1993, Mr. Brunsilius' attorney, Todd Thompson, entered his appearance in district court and filed a postconviction motion pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure, which the trial court denied without a hearing on April 13, 1994. Mr. Brunsilius did not appeal.

On May 31, 2001, Mr. Brunsilius filed a postconviction motion pursuant to Colo. R. Crim. P. 35(c), which the trial court dismissed on November 19, 2003, as time-barred. On January 12, 2006, the Colorado Court of Appeals affirmed. On May 8, 2006, the Colorado Court of Appeals denied certiorari review.

On March 2, 2007, Mr. Brunsilius filed an additional postconviction motion in the trial court, which on April 18, 2007, denied relief on procedural grounds. On May 15, 2007, he filed a petition pursuant to Rule 21(a) and (b) of the Colorado Appellate Rules with the Colorado Supreme Court, which on June 28, 2007, denied the petition. On December 5, 2007, Mr. Brunsilius tendered his original habeas corpus application to this Court.

As noted above, Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to

> the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run. Mr. Brunsilius alleges that on March 13, 1993, his convictions were affirmed on direct appeal. Mr. Brunsilius' conviction and sentence became final prior to April 24, 1996, the date the one-year limitation period in 28 U.S.C. § 2244(d) was enacted into law. Therefore, in the absence of any reason to toll the limitations period, Mr. Brunsilius should have initiated this action prior to April 24, 1997, one year after the statute's effective date. *See United States v. Simmonds*, 111 F.3d 737, 746 (10th Cir. 1997). The instant action was submitted to the Court on December 5, 2007, well beyond the one-year limitation period.

Applicant's Colo. R. Crim. P. 35(b) motion, which he filed on June 3, 1993, and which the trial court denied without a hearing on April 13, 1994, did not toll the one-year limitation period because the motion was filed and denied before the one-year limitation period was enacted into law. Applicant's Colo. R. Crim. P. 35(c) motion was filed on May 31, 2001, four years after the one-year limitation period expired. Therefore, the Colo. R. Crim. P. 35(c) postconviction motion did not toll the one-year limitation period, and the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus

4

application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Brunsilius bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* Mr. Brunsilius has not argued equitable tolling and, therefore, the Court need not consider the issue. Because the Court will dismiss the instant action as time-barred, Respondents' arguments that Mr. Brunsilius presented his claims to the state courts as issues of state law only and that he does not present any claims that are exhausted and not subject to the procedural-bar rule will not be addressed. Accordingly, it is

ORDERED that the amended habeas corpus application is denied, and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this __1__ day of ___July___, 2008.

BY THE COURT:

/s/ Zita L. Weinshienk

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02581-BNB

Wayne Brunsilius
Prisoner No. 65458
Kit Carson Corr. Center
PO Box 2000 -
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/2/08

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk